IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR119 |
| v. | |
| JUSTIN WOOLSONCROFT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Justin Woolsoncroft's ("Woolsoncroft") motions to withdraw his guilty plea (Filing No. 67) and to withdraw his plea agreement (Filing No. 68). A grand jury indicted Woolsoncroft on May 17, 2022, of one count of possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The Indictment (Filing No. 1) also asserted that, before that alleged offense, "he served more than 12 months of imprisonment" after being convicted of "a serious drug felony" under Nebraska Revised Statute § 28-416.

Woolsoncroft came before the Court on November 30, 2023, to change his plea. Pursuant to a plea agreement submitted to the Court (Filing No. 58), Woolsoncroft agreed to plead guilty to the one-count Indictment and negotiated a 120-month sentence with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). *See United States v. King*, 516 F.3d 702, 704 (8th Cir. 2008) (explaining that "Rule 11(c)(1)(C) plea agreements are unique in that they are also binding on the court after the court accepts the agreement"). That document laid out the factual basis upon which the parties agreed, which included the fact that Woolsoncroft had a previous "final conviction for a serious drug felony." Woolsoncroft also waived—among other things—his right to withdraw his plea under Rule 11(d).

Along with the plea agreement, the Court also reviewed and considered Woolsoncroft's Petition to Enter a Plea of Guilty (Filing No. 57) before the change-of-plea hearing. Woolsoncroft testified that he fully reviewed that petition and considered the consequences of his plea, specifically stating that he "underst[ood] that the prior offense [could] be taken into consideration" in his case. In his petition, he also acknowledged that the statutory sentencing range for the offense under 21 U.S.C. § 841 would be ten years to life.

At the change-of-plea hearing, the Court engaged in an extensive colloquy with Woolsoncroft, confirming he understood the proceedings, the allegations against him, the potential consequences of that charge, and the rights he was waiving by pleading guilty. As part of that discussion, the Court informed Woolsoncroft that he faced a term of imprisonment of "not less than 10 years" under the law given his prior drug felony. *See* 21 U.S.C. § 841(b)(1)(B) (providing that "if any person" commits a violation of § 841(a) "after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years"). Following that discussion, the Court accepted Woolsoncroft's knowing and voluntary plea of guilty.

Woolsoncroft filed the present motions on January 24, 2024, nearly two months after he pleaded guilty pursuant to his Rule 11(c)(1)(C) agreement with the government. Woolsoncroft asserts "fair and just reason" support the withdrawal of his plea under Rule 11(d)(2)(B). In particular, he points out that the plea agreement was premised on a mandatory minimum sentence of "120 months based on a Section 851 Sentencing Enhancement" but that "a Section 851 Sentencing Enhancement was not filed in this case." *See* 21 U.S.C. 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions

to be relied upon."). Without such an enhancement, the mandatory minimum sentence would only be 60 months. *See* 21 U.S.C. § 841(b)(1)(B).

Woolsoncroft also claims that the prior Nebraska-law conviction "should not be used to enhance" his sentence, citing the Eighth Circuit's decision in *United States v. Henry*, 2023 WL 3861791, at *2 (8th Cir. July 7, 2023) (unpublished per curiam) (concluding the defendant's prior conviction for methamphetamine distribution under Minnesota law was not a "serious drug offense" under the Armed Career Criminal Act because the state statute was overbroad). For those same reasons, he asserts the Court should allow him to "withdraw his assent to the previously entered Plea Agreement."

The government opposes Woolsoncroft's motions (Filing No. 69), first by asserting that Woolsoncroft's waiver of his right to withdraw his plea bars withdrawal under Rule 11 because that waiver was knowing and voluntary. According to the government, his argument also fails on the merits because *Henry* does not provide adequate reason for withdrawal. The government further highlights that decision was issued months before his change-of-plea hearing, and that Woolsoncroft was on notice from the Indictment as well as the plea agreement that a sentencing enhancement was being pursued on the grounds of his prior conviction. The rationale in *Henry* also is not a clear fit to Woolsoncroft's case, the government argues.[1]

It has long been recognized that a "plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom." *United States v. Ladue*, 866 F.3d 978, 980 (8th Cir. 2017) (quoting *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008)). Under Rule 11(d), a "defendant may withdraw a plea of guilty" after it is accepted by the Court only if (1) the Court rejects that plea under Rule 11(c)(5) or (2) he can demonstrate "fair and just reason for requesting the withdrawal." "[T]he occasion for setting aside a guilty plea should seldom arise" where that plea was entered knowingly

---

[1] The Court notes that Woolsoncroft did not reply to the government's opposition brief. Nor did he ever file a brief in support of his motions.

and voluntarily by a defendant who acknowledges committing the offense. *United States v. Watson*, 883 F.3d 1033, 1037 (8th Cir. 2018) (quoting *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017)).

The burden to show a fair and just reason to withdraw a guilty plea is on the defendant. *See United States v. Eller*, 955 F.3d 730, 733 (8th Cir. 2020); *United States v. Sharp*, 879 F.3d 327, 333 (8th Cir. 2018) (describing that standard as "liberal" when a defendant moves to withdraw a plea before sentencing). If the proffered grounds for withdrawal satisfy this burden, the Court must also consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Flynn*, 969 F.3d 873, 878 (8th Cir. 2020) (quoting *United States v. Heid*, 651 F.3d 850, 853-54 (8th Cir. 2011)); *see also United States v. Seys*, 27 F.4th 606, 610 (8th Cir. 2022) (stating the "district court need not weigh these other considerations, however, where the defendant shows no fair and just reason for the withdrawal"). Where a defendant's motion to withdraw a guilty plea is supported by facts that, even if true, "are not grounds for withdrawal," the Court need not hold an evidentiary hearing. *United States v. Harris-Thompson*, 751 F.3d 590, 603 (8th Cir. 2014) (quoting *United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010)).

Here, Woolsoncroft presents no fair and just grounds for withdrawing his plea of guilty, which he does not dispute he made knowingly and voluntarily. The factors Woolsoncroft presents as "fair and just reason" for withdrawal were all known to him at the time he entered his plea, the miscalculation of which is not grounds for withdrawal.

First, the government's non-filing of a Section 851 information does not justify withdrawal under these circumstances. From the time he was indicted, Woolsoncroft was on notice that the government was seeking a sentence enhancement on the basis of his prior conviction under Nebraska law. Woolsoncroft further acknowledged the relevance of the offense in his plea petition and agreed to a factual basis in the plea agreement and

4

at the change-of-plea hearing that included that conviction. At the hearing, the Court also reminded Woolsoncroft he would face the enhanced statutory minimum sentence of 10 years.

Woolsoncroft was therefore well aware of the relevance of his prior conviction at the time of his plea despite the government's failure to separately file a Section 851 information. *See United States v. Oliver*, 987 F.3d 794, 805 (8th Cir. 2021) (explaining that formal compliance with 21 U.S.C. § 851 is not always required and that the proper consideration is "whether the defendant enjoyed full knowledge of the consequences of his prior convictions when making strategic decisions in the course of his defense" (quoting *United States v. Johnson*, 462 F.3d 814, 823 (8th Cir. 2006))). And he makes no argument to the contrary.

In support of withdrawal, Woolsoncroft merely states that—without the filing of the Section 851 notice—the statutory mandatory minimum sentence would only be 60 months. *See United States v. Hawthorne*, 235 F.3d 400, 404 (8th Cir. 2000) (explaining that, "[i]n order for a sentence to be enhanced under § 841(b)(1) on the basis of the defendant's prior convictions, the United States Attorney is to file before trial an information" detailing the convictions relied upon). But that possibility should have been clear to Woolsoncroft and his counsel at the time of the change-of-plea hearing when the government had still not filed the notice of his prior conviction. His "belated misgivings" that he entered the 120-month plea agreement in absence of that filing do not demonstrate withdrawal of the plea or the plea agreement is warranted. *Ladue*, 866 F.3d at 980 (quoting *Green*, 521 F.3d at 931).

It is also unclear how the requested withdrawal would remedy those circumstances. Woolsoncroft makes no argument that he would be likely to receive a lower sentence if his plea and plea agreement are withdrawn. Based on the lack of such

rationale and the record before the Court,[2] it appears improbable he would qualify for a sentence as low as the 60-month unenhanced minimum anyway, should it be found to be applicable.

Woolsoncroft's argument that the Eighth Circuit's decision in *Henry* warrants withdrawal fares no better. As the government points out, that decision was issued well in advance of his guilty plea and the potential overbreadth of state drug statutes has been an issue for years. *See, e.g.*, *United States v. Myers*, 56 F.4th 595, 597-99 (8th Cir. 2022). If he had wished to challenge the use of his prior conviction on those grounds, he had ample opportunity to do so and not admit to a factual basis and agreement premised on the enhancement. To the extent that Woolsoncroft maintains that issue makes his Rule 11(c)(1)(C) agreement unfair, the Court can consider that argument if and when it is raised at sentencing. *See, e.g.*, *id.* at 597 (defendant raised overbreadth as an objection to the presentence investigation report); *see also* Fed. R. Crim. P. 11(c)(3), (5) (permitting the Court to accept or reject a Rule 11(c)(1)(C) agreement and requiring the Court "give the defendant an opportunity to withdraw the plea" in the event it rejects the agreement).

Ultimately, it is apparent from the submissions that both parties could have proceeded in this matter with more caution. Just as the government could have formally filed a Section 851 information, Woolsoncroft—with the aid of his counsel—could have more thoroughly considered any existing challenges to the sentencing enhancement, including the omission of that information, before accepting the terms of the plea

---

[2] As the government notes, the most recent calculations of the United States Probation and Pretrial Services Office put Woolsoncroft's advisory United States Sentencing Guidelines ("guidelines") range between 110 and 137 months. And, even without the enhancement, he faces no "less than 5 years and not more than 40 years" imprisonment. 21 U.S.C. § 841(b)(1)(B). Either way, it is possible Woolsoncroft may face an even longer term of imprisonment than his agreed-upon 120-month sentence without the benefit of his plea agreement. *See United States v. Brown*, 638 F.3d 816, 819 n.3 (8th Cir. 2011) (concluding that Section 851 had no application where a defendant's sentence is based on the guidelines and falls within the statutory range).

agreement and knowingly and voluntarily pleading guilty. But the Court finds the totality of the circumstances do not warrant withdrawal of Woolsoncroft's plea, which was knowingly and voluntarily made with notice of the enhancement sought and its basis. Woolsoncroft's motions are therefore denied.

IT IS SO ORDERED.

Dated this 27th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge